**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JACOB I. PETKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-600-W |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jacob I. Petker seeks judicial review of the final decision of the Defendant Commissioner denying his application for disability insurance benefits and supplemental security income benefits. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record ("AR"). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.      Procedural History**

Plaintiff's application for disability insurance benefits and supplemental security income benefits alleges an inability to work since August of 2000, based on low academic achievement (third or fourth grade level), impaired vision, scoliosis of the spine, arthritis in the knees, hip deformity, and flat feet. AR 62. Plaintiff's applications were denied initially

and on reconsideration. AR 21-22. Subsequently, an Administrative Law Judge (ALJ) held a hearing, and after consideration of the evidence, the ALJ found in a decision dated September 14, 2004, that Plaintiff was not disabled. AR 16-20. The Appeals Council denied review. AR 6-9. Therefore, the decision of the ALJ is the final decision of the Commissioner.

## II.     The ALJ's Disability Determination

The ALJ followed the sequential evaluation process required by 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17, 19. At step two, the ALJ found that Plaintiff has flat feet, inversion deformities of the feet and scoliosis, and determined that those impairments are severe. AR 18, 19. At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations. AR 18, 20. At step four, the ALJ determined that Plaintiff has the residual functional capacity (RFC) for medium work and that, therefore, Plaintiff could return to his past relevant work as a grocery bagger. AR 19, 20.

## III.    Plaintiff's Claims Raised on Appeal

Plaintiff raises two claims in this appeal. First, Plaintiff contends that this case must be reversed and remanded because the ALJ failed to find at step two that Plaintiff suffers from a severe mental impairment. Second, Plaintiff contends that the ALJ improperly assessed his credibility. Plaintiff contends that in evaluating his credibility, the ALJ did not

properly weigh the opinion of a nurse-practitioner who had directly treated Plaintiff for a number of years.

## IV.   Standard of Review

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* at 760 (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether specific rules of law were followed in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172.

## V.   Analysis

### A.   The ALJ's Assessment of Severe Impairments

Plaintiff states that the ALJ erred at step two of the sequential analysis by failing to find that Plaintiff has severe mental impairments. A severe impairment must "significantly limit an individual's physical or mental ability to do basic work activities." 20 C.F.R. §

404.1521(a); 20 C.F.R. § 416.921(a). "Basic work activities" is defined as "the abilities and aptitudes to do most jobs." 20 C.F.R. § 404.1521(b); 20 C.F.R. § 416.921(b). The Tenth Circuit has held "that [a showing of severity] is a 'de minimus' showing at step two of the five-step process." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005)  (citing *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)).

The ALJ's implicit finding that Plaintiff does not have a severe mental impairment is overwhelmed by evidence in the record. Plaintiff certainly presented sufficient evidence to make the step two de minimus showing that his mental impairment is severe.

Plaintiff was born with hydrocephalus which eventually resolved. At one year of age, he fell and hit his head on concrete, suffering a right epidural hematoma which left him comatose until he underwent a right temporal craniotomy and resection of the hematoma. According to a letter written by Norma V. Paragas, M.D., who treated Plaintiff from October 26, 1982, through February 6, 1992, Plaintiff's resulting handicap in language and motor skills is permanent. AR 174.

As a child, Plaintiff was enrolled in a class for severely handicapped preschoolers in Fremont, California. AR 134. When his family moved to Oklahoma, Plaintiff continued to attend special education classes as documented by Individualized Education Program forms in the administrative record. AR 116-127. Plaintiff took standardized tests in the spring of 1999 when he was a junior attending Moore High School, Moore, Oklahoma. Plaintiff was rated "unsatisfactory" on the Oklahoma Writing Assessment:

> Responses attempt to address topic, but development of ideas is weak or not present. (The prompt may be repeated or rephrased, but no evidence of further development is given.) Organizational and/or language problems routinely interfere with readability. Students in this range should be given comprehensive writing instruction.

AR 114. Plaintiff's performance on the Oklahoma Core Curriculum Test was also unsatisfactory in every content area. AR 113-115.

On January 19, 2000, Linda J. Walters, M.Ed., administered the Wechsler Abbreviated Scale of Intelligence Test (WAIS). Plaintiff obtained a Verbal Scale IQ of 76, a Performance Scale IQ of 75, and a Full Scale IQ of 74. All of these scores are described as "borderline range of learned intellectual functioning." AR 135. The examiner noted that Plaintiff's actual level of functioning in a classroom could be lower than indicated by the tests:

> These test results were obtained in an optimal one-to-one testing situation. In the regular classroom environment there are many inevitable distractions, peer interactions, and less teacher-pupil involvement, therefore Jacob's classroom performance could be possibly lower.

AR 136.

On November 19, 2001, Plaintiff underwent a psychological evaluation by Donna Greenberg, Ph.D. AR 151-153. Dr. Greenberg administered the WAIS-III. Plaintiff's IQ scores were Verbal 75, Performance 75, and Full Scale 73. Dr. Greenberg stated that these results are classified as borderline range of functioning. AR 152-153. Dr. Greenberg further stated that these results "rank [Plaintiff] in the 4th percentile compared to others his age." AR 152. In a form completed for the Oklahoma DDD Claims Unit, Dr. Greenberg marked

"YES" after the question, "In your opinion is the patient able to manage benefit payments in his/her own interest?". Under the "Remarks" section, however, Dr. Greenberg added, "With monitoring by mother." AR 154.[1]

A Mental Residual Functional Capacity Assessment completed on December 12, 2001 by Bernard L. Pearce, a medical consultant, states that Plaintiff is markedly limited in his ability to understand and remember detailed instructions, in his ability to carry out detailed instructions, and in his ability to interact appropriately with the public. AR 157-158. Before stating that Plaintiff could adapt to a "work situation," Dr. Pearce states:

> Claimant can understand and perform simple tasks. He can interact appropriately with others at a superficial level, but not the general public.

AR 159. Plaintiff's documented life-long mental impairments should have been included in the ALJ's list of severe impairments at step two of the sequential analysis and should have been considered by the ALJ in formulating Plaintiff's RFC. This error requires reversal.

**B.   <u>The ALJ's Credibility Assessment</u>**

Plaintiff also challenges the ALJ's credibility assessment. The ALJ found that Plaintiff's allegations regarding his limitations "are not totally credible," and appeared to link that finding to his rejection of the opinion of a Family Nurse Practitioner, Captain Susan J. Lee, who is attached to the 72nd Medical Group at Tinker Air Force Base, and who had been

---

[1] At the end of her report, Dr. Greenberg wrote, "He is unlikely to face any difficulty managing awarded benefits." AR 153. The ALJ apparently relied exclusively on this statement in concluding that the ability to manage benefits is "inconsistent with a disabling psychiatric impairment." AR 18-19. The ALJ did not attempt to re-contact Dr. Greenberg for an explanation of the discrepancy between the two assessments of Plaintiff's ability to manage benefit payments.

directly responsible for Plaintiff's medical care since November 8, 2001.[2]  In her statement of July 28, 2002, Captain Lee reviewed Plaintiff's early medical problems and stated that these problems left Plaintiff "severely handicapped in both language and motor skills and development."  Captain Lee further stated that despite extensive rehabilitation, Plaintiff "remains severely handicapped."  Finally, Captain Lee stated:

> Currently, Jacob is able to take care of basic needs with little assistance. However, he will never be able to support himself independently, or provide total care for himself, as a result of his severe handicaps.  He will remain dependent on his mother, or someone, to provide both physical and emotional support for him, as well as provide a home for him.

AR 175.

The ALJ is required to evaluate every medical opinion received regardless of its source.  *See* 20 C.F.R. § 404.1527(d); § 416.927(d) ( "Regardless of its source, we will evaluate every medical opinion we receive.").  Medical evidence of a claimant's impairment from an "acceptable medical source" is needed to establish whether a claimant has a medically determinable impairment.  *See* 20 C.F.R. § 404.1513(a); § 416.913(a). "Acceptable medical sources" are licensed physicians, licensed or certified psychologists,[3]

---

[2] The ALJ stated that Captain Lee's opinion was of "extremely limited probative value."  AR 19.

[3] For purposes of establishing mental retardation, learning disabilities, and borderline intellectual functioning, this category also includes "school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting."  *See* 20 C.F.R. § 404.1513(a)(2); 20 C.F.R. § 416.913(a)(2).

licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. § 404.1513(a)(1)-(5); § 416.913(a)(1)-(5).[4]

An ALJ may also consider evidence from other sources, including medical sources such as nurse-practitioners, to show the severity of the claimant's impairments and how they affect the claimant's ability to work. *See* 20 C.F.R. § 404.1513(d)(1); § 416.913(d)(1). The regulations set forth the factors which an ALJ should consider in deciding how to weigh medical opinions. *See* 20 C.F.R. §§ 404.1527(d); 416.927(d). The Tenth Circuit has held that opinions from the "acceptable medical sources" listed at §§ 404.1513(a) and 416.913(a) are the only opinions entitled to "controlling weight" as set forth in §§ 404.1527(d)(2) and 416.927(d)(2). *See Shubargo v. Barnhart*, No. 05-7003, 2005 WL 3388615 at *3 (10th Cir. Dec. 13, 2005) ("The medical opinions of a [physician's assistant] are not entitled to controlling weight under the statutes.") (unpublished opinion cited as persuasive authority pursuant to Tenth Circuit Rule 36.3). Nevertheless, "[t]he ALJ should use . . . medical observations [from other medical sources] to assist him in determining the severity of a claimant's impairments and how they affect [the claimant's] ability to work." *Id.* (*citing* 20 C.F.R. § 404.1513(d)). Moreover, the regulations state that "[u]nless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to *any* medical opinion." 20 C.F.R. § 404.1527(d); 404.927(d) (emphasis added). Those factors are: (1) the length of the

---

[4] As discussed above, Plaintiff's mental impairments are well-documented by several different "acceptable medical sources."

8

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 385 F.3d 1297, 1301 (quotation omitted). *See also* 20 C.F.R. §§ 404.1527(d)(2)-(6); 416.927(d)(2)-(6).

Even though Captain Lee's opinion could not be given controlling weight, the opinion is a medical source opinion entitled to some consideration, and the ALJ should have analyzed the factors listed above in determining the weight to be afforded the opinion. But the ALJ summarized his assessment of Captain Lee's opinion as follows:

> Although in July 2002 a representative of the United States Air Force indicated that the claimant's physical and mental condition would preclude the claimant from being able to support himself in gainful employment (Exhibit 9F), the undersigned notes that this person has not identified themselves as a medical doctor or any other medical professional. Consequently, the undersigned finds this assessment to be of extremely limited probative value.

AR 19. The ALJ's stated reason for the weight afforded Captain Lee's opinion is puzzling. A quick review of the exhibit referenced by the ALJ shows that Captain Lee clearly identified herself as "FNP" or "Family Nurse Practitioner" with the 72d Medical Operations Squadron at Tinker Air Force Base. Moreover, Captain Lee clearly stated that Plaintiff had been under her "direct care." AR 175. Therefore, Captain Lee was not merely "a

9

representative of the United States Air Force." Captain Lee was a "medical source not listed in paragraph (a)," and the ALJ's reason for finding her opinion to be "of extremely limited probative value" is based on a misreading of Captain Lee's opinion and a misunderstanding as to her status as a medical source. Based on this error and the ALJ's error in failing to classify Plaintiff's mental impairment as severe in step two, this case should be reversed and remanded for further proceedings.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by February  27th , 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  7th  day of February, 2006.

                                   VALERIE K. COUCH
                                   UNITED STATES MAGISTRATE JUDGE